IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                             No. CV 11-0681 JP/WPL
                                                                                  CR 10-1155 JP

JOSE ANTONIO LIMON-PENA,

    Defendant,

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 2255 R. 4(b) and § 2254 R. 1(b), 4, on two post-judgment pleadings filed by Defendant. On August 4, 2011, Defendant filed a Memorandum Of Law To A 28 U.S.C. § 2255 ("§ 2255 motion") (CV Doc. 1; CR Doc. 41), and on August 8, 2011, he filed a Motion For Adjustment Of Sentence Pursuant To A Habeas Petition 28 U.S.C. § 2241 ("§ 2241 petition") (CV Doc. 3; CR Doc. 42). The Clerk correctly entered the § 2255 motion on the criminal docket, opened a civil proceeding, and entered the § 2241 petition on the docket of both proceedings. Defendant, who is not an American citizen, is confined in a New Mexico prison serving a sentence imposed by this Court on September 16, 2010. The Court will order an answer to Defendant's § 2255 motion and, for the reasons below, will dismiss the § 2241 petition.

In his § 2241 petition Defendant alleges that his sentence was imposed without consideration of his status as a deportable alien. Furthermore, because of his status, the Bureau of Prisons ("BOP") considers him ineligible for certain pre-release custody programs. Defendant contends that the sentence and BOP's policy have subjected him to a longer prison term than an American citizen

would serve. He seeks reduction of his term of imprisonment and, if the petition be granted, certain other relief.

It is assumed for purposes of this order that the relief Defendant seeks in his § 2241 petition, if available, may be pursued under § 2241. *Cf.* 18 U.S.C. § 3582(c) (prohibiting modification of sentence except under specific statutory authorization); *United States v. Soto-Holguin*, 163 F.3d 1217, 1220 (10th Cir. 1999); *United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997); *United States v. Price*, 438 F.3d 1005, 1007 (10th Cir. 2006) ("We have explained that '[a] district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has *expressly* granted the court jurisdiction to do so.' ") (quoting *United States v. Green*, 405 F.3d 1180, 1184 (10th Cir. 2005)); *but cf. United States v. Tamayo*, 162 F. App'x 813, 814-15 (10th Cir. 2006) ("a claim for a reduction in his sentence . . . was properly treated as a § 2255 motion"). Here, whether § 2241 or § 2255 provides Defendant the appropriate procedural avenue, the Court of Appeals for the Tenth Circuit has rejected his substantive claims against both the imposition and the execution of his sentence.

> [Defendant's] request for a downward departure based on the "collateral consequences" of his status as a deportable alien has been foreclosed . . . .
> . . . .
>     . . . "[T]he federal government can treat aliens differently from citizens so long as the difference in treatment has a rational basis." . . . We agree . . . [that] there is a rational basis to deem deportable aliens, who will be sent out of the country after the term of their sentence, ineligible for programs geared toward rehabilitating prisoners who will re-enter society after their release from confinement.

*Tamayo*, 162 F. App'x at 815, 816 (internal citations omitted). Under the Tenth Circuit's decision in *Tamayo*, Defendant's § 2241 petition does not state a claim for relief against his sentence, and the Court will dismiss the § 2241 petition. *See* 28 U.S.C. § 2254 R. 1(b), 4.

IT IS THEREFORE ORDERED that Defendant's Motion For Adjustment Of Sentence

Pursuant To A Habeas Petition 28 U.S.C. § 2241 (CV Doc. 3; CR Doc. 42), construed herein as a petition for writ of habeas corpus under 28 U.S.C. § 2241, is DISMISSED;

IT IS FURTHER ORDERED that the Clerk is directed to forward to the United States Attorney a copy of Defendant's Memorandum Of Law To A 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 41), construed herein as a motion to vacate, set aside, or correct sentence, and supporting papers and exhibits, if any, together with a copy of this Order;

IT IS FURTHER ORDERED that, within twenty-three days from entry of this Order, the United States answer Defendant's motion to vacate, set aside, or correct sentence.

_____
UNITED STATES DISTRICT JUDGE